UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NITHIN VIJAY,

      Plaintiff,

v.                            Case No.:  2:23-cv-157-SPC-KCD

MERRICK B. GARLAND,
ALEJANDRO MAYORKAS, UR
MENDOZA JADDOU, NIEVES
CARDINALE, LOREN K. MILLER,
USCIS and U.S. DEPARTMENT
OF HOMELAND SECURITY,

      Defendants.
_____/

## OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (Doc. 11), along with Plaintiff Nithin Vijay's response (Doc. 15), and Defendants' reply (Doc. 18).  For the reasons below, the Court grants the motion.

Vijay, a citizen of India, entered the United States in 2018 on a transit visa.  As it turns out, Vijay likes it here.  He overstayed his visa, found love in 2019, and got married in 2020.  And because his spouse is a United States citizen, he is the beneficiary of an approved Form I-130.  This could allow him to become a lawful permanent resident of the United States.  He cannot adjust his status, however, because he is unlawfully present here (remember, he

overstayed). So in 2021 he filed another application, a Form I-601A, with the United States Citizenship and Immigration Services (USCIS). He requests USCIS to waive his unlawful presence, allowing him to leave the United States to complete the visa process. He has not heard back.

Out of patience, Vijay asks the Court to "[a]ssume jurisdiction over this matter" and compel Defendants to adjudicate his application. (Doc. 1 at 18). Defendants move to dismiss under Rule 12(b)(1) and 12(b)(6). (Doc. 11). Without jurisdiction over Vijay's claims, the Court dismisses his complaint.

The Court presumes that Congress generally does not intend to foreclose judicial review. But the presumption "may be overcome by specific language in a provision or evidence drawn from the statutory scheme as a whole." *Patel v. Garland*, 142 S. Ct. 1614, 1627 (2022) (cleaned up). Here, the relevant statute includes jurisdiction-stripping language. The provision reads:

> The Attorney General has sole discretion to waive clause (i) in the case of an immigrant who is the spouse or son or daughter of a United States citizen or of an alien lawfully admitted for permanent residence, if it is established to the satisfaction of the Attorney General that the refusal of admission to such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such alien. *No court shall have jurisdiction to review a decision or action* by the Attorney General *regarding a waiver under this clause.*

8 U.S.C. § 1182(a)(9)(B)(v) (emphasis added). The Court would not have jurisdiction to review USCIS's ultimate decision to grant or deny Vijay's waiver. But what about reviewing USCIS's delay in deciding?

Courts have held that the statute also bars review of unreasonable-delay claims like the one brought here. *See, e.g.*, *Echeverri v. United States Citizenship & Immigr. Servs.*, No. 23-CV-21711-RAR, 2023 WL 5350810, at *4 (S.D. Fla. Aug. 21, 2023); *Mercado v. Miller*, No. 222-CV-02182JADEJY, 2023 WL 4406292, at *3 (D. Nev. July 7, 2023); *Lovo v. Miller*, No. 5:22-CV-00067, 2023 WL 3550167, at *4 (W.D. Va. May 18, 2023). The text of § 1182 requires this conclusion. The statute strips the Court of jurisdiction to review "a decision or action . . . regarding a waiver[.]" *Id.* Using Vijay's own definitions, "decision" refers to a "judicial or agency determination after consideration of the facts and the law." And "action" refers to the "process of doing something." (Doc. 15 at 4 (citing Black's Law Dictionary (11th ed. 2019))). Without more, the latter seems broad enough to describe what Vijay requests the Court to review.

But the text of the statute does not stop at "decision" and "action." It goes on to bar review of such a decision and action "*regarding* a waiver under this clause." 8 U.S.C. § 1182(a)(9)(B)(v) (emphasis added). The Supreme Court recently found a similar provision in the Immigration and Nationality Act bars judicial review, affirming the Eleventh Circuit. The Court came to this conclusion in part because "the use of 'regarding' in a legal context generally has a broadening effect, ensuring that the scope of a provision covers not only its subjects but also matters relating to that subject." *Patel*, 142 S. Ct. at 1622

(cleaned up). The same reasoning applies here. The jurisdiction-stripping provision extends to matters relating to the decision to grant or deny a waiver and bars review of Vijay's unreasonable-delay claims.

Accordingly, it is

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 11) is **GRANTED** and the Court dismisses the Complaint with prejudice for want of subject-matter jurisdiction.

2. The Clerk is further **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 18, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4